JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 8831**

------------------------------------------------------------X

DEVON ENGLISH,

                             Plaintiff,

       -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOSEPH ABEL
and POLICE OFFICER JOHN DOE 1,

                            Defendants.

------------------------------------------------------------X

**COMPLAINT**
**Plaintiff Demands**
**A Trial by Jury**

RECEIVED DEC 13 2013 U.S.D.C. S.D.N.Y. CASHIERS

The plaintiff, **DEVON ENGLISH**, by and through his attorney, DAVID SEGAL ESQ., complaining of defendants, respectfully alleges:

### JURISDICTION

1.    This claim arises under the laws of the United States, particularly 42 U.S.C. §§ 1983 and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

2.    This Court has jurisdiction over these claims by virtue of 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law.

### VENUE

4.    The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of New York, in the Southern District of New York.

### PARTIES

5.    That at all times herein mentioned, the plaintiff, **DEVON ENGLISH** (ENGLISH), was and still is a citizen of the County, City and State of New York.

6. That at all times hereinafter mentioned, the plaintiff **ENGLISH** was and is a person entitled to the protection of the laws of the United States of America.

7. The defendant, *CITY OF NEW YORK (CITY)*, is a domestic municipal corporation and political subdivision of the State of New York.

8. The defendant, *NEW YORK CITY POLICE DEPARTMENT (NYPD)*, is a municipal agency under the supervision and control of the defendant *CITY*.

9. That defendant, *POLICE OFFICER JOSEPH ABEL (P.O. ABEL)*, is a police officer employed by defendants, *CITY* and *NYPD*.

10. That defendant, *POLICE OFFICER JOHN DOE 1 (JD1)*, is a police officer employed by defendants, *CITY* and *NYPD*.

11. That at all times herein mentioned, defendants, *P.O. ABEL* and *JD1* were employed by the defendants, *CITY* and *NYPD*, in the capacity of police officers, and were acting in such capacity as the agents, servants and employees of the defendants, *CITY* and *NYPD*. They are each sued individually and in their official capacity.

12. That at all the times herein mentioned, defendants, *P.O. ABEL* and *JD1* were acting under color of state law and under their authority as police officers for the defendants, *CITY* and *NYPD*.

## FACTS

13. On December 11, 2010, at or about 12:30 P.M. – 1:30 P.M., the plaintiff was lawfully walking east, on the right side sidewalk of 110th Street, between Madison Avenue and Park Avenue in the County of New York.

14. Defendant *JD1*, who is a police officer, approached the plaintiff from behind at 110th Street, between Madison Avenue and Park Avenue in the County of New York.

2

15. Defendant *JD1* was wearing plain clothes, approximately six feet and one inch (6'1) in height, one hundred and ninety pounds (190lbs) and of Latin heritage.

16. Defendant *JD1* did not identify himself as a police officer or show any form of identification to the plaintiff.

17. Defendant *JD1*, without cause or justification, pushed the plaintiff to the ground.

18. The plaintiff, not knowing that defendant *JD1* was a police officer, got up off of the ground.

19. Defendant *JD1* took a metal object from his person and swung the metal object at the plaintiff's head.

20. The plaintiff in order to protect himself and especially his face from the metal object put his right arm up in a defensive position.

21. Defendant *JD1* hit the plaintiff's right wrist with the metal object, and broke the plaintiff's right wrist.

22. The plaintiff fell back to the ground and to further protect himself went into the fetal position.

23. The plaintiff did not fight back or resist.

24. Defendant *JD1* got on top of the plaintiff and smashed the plaintiff's head into the ground.

25. An unmarked defendant *NYPD* van approached the plaintiff and defendant *P.O. ABEL* exited the van, ran to the plaintiff and placed the plaintiff in headlock position.

26. Defendant *ABEL* then pulled and bent both of the plaintiff's arms behind his back.

27.     The plaintiff cried out to the defendants *P.O. ABEL* and *JD1* that his right wrist was in pain.

28.     Defendant *ABEL*, ignoring plaintiff's cries of pain, tightly placed handcuffs on the plaintiff's wrists, and told the plaintiff, who was not resisting to, "Stop resisting."

29.     Defendant *JD1* took the plaintiff's cellphone from him.

30.     Defendants, *P.O. ABEL* and *JD1* placed the plaintiff into an unmarked police car, and took the plaintiff to the 25th Precinct.

31.     Defendants, *P.O. ABEL* and *JD1,* never informed the plaintiff as to why he was being taken to the 25th Precinct.

32.     At the 25th Precinct, the plaintiff continually requested medical attention for his injuries, specifically his head and right wrist.

33.     Defendant *JD1* said to plaintiff, "Shut up! You ain't going until I'm finished here!"

34.     After defendant *JD1* finished his paper work, the plaintiff was taken to St. Luke's-Roosevelt Hospital located at 1090 Amsterdam Avenue, New York, New York.

35.     While the plaintiff was in St. Luke's, he was visited by two (2) Internal Affairs investigators.

36.     The two (2) Internal Affairs investigators interviewed the plaintiff, took pictures of plaintiff's right arm, right wrist, neck and head area, and showed the plaintiff pictures of some police officers.

37.     The plaintiff's right wrist was placed in a splint and he was discharged from the Hospital.

38. The plaintiff was then transported to the New York County Criminal Court for arraignment.

39. While the plaintiff was waiting for his arraignment, he was again visited by two (2) different Internal Affairs investigators.

40. At arraignment, plaintiff was charged with the crimes of New York Penal Law 220.39, Criminal Sale Of A Controlled Substance In The Third Degree, which allegedly occurred on November 30, 2010.

41. The plaintiff was arraigned and taken to the Manhattan Detention Complex, 125 White Street, New York, New York.

42. On December 20, 2010, the plaintiff was taken to Bellevue Hospital, 462 1st Avenue, New York, to have X-rays of his right wrist, which showed a fracture of his right wrist.

43. On December 28, 2010, plaintiff was taken back to Bellevue Hospital for surgery on his right wrist.

44. Neither defendant *P.O. ABEL, JD1* or did any other police officer give the plaintiff a voucher for his cellphone.

45. Defendant *JD1'S* use of force against plaintiff on December 11, 2010 was malicious, sadistic, without provocation, excessive, illegal and unjustified.

46. No contraband was recovered from the plaintiff on December 11, 2010.

47. On December 11, 2010, defendant *JD1* filed a criminal complaint against the plaintiff in order to justify his excessive use of force on the plaintiff.

48. As a result of the defendant *JD1'S* actions, the plaintiff was caused to suffer serious and permanent physical and psychological injury.

## FIRST CAUSE OF ACTION

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "48" herein, as if the same were set forth more fully and at length.

50. That as a direct and proximate result of the excessive force, intentional and malicious acts of the defendants **P.O. ABEL** and **JD1**, as described above, all committed under color of state law and under their authority as police officers employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in them by defendants, **CITY** and **NYPD**, defendants **P.O. ABEL** and **JD1** illegally assaulted the plaintiff.

51. That by engaging in the foregoing acts, practices and courses of conduct, the defendants **P.O. ABEL** and **JD1** used their position as police officers for improper purposes, subjecting plaintiff to physical harm, deprivation of his rights, privileges and immunities guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from excessive, illegal and unnecessary force.

## SECOND CAUSE OF ACTION

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "48" herein, as if the same were set forth herein more fully and at length.

53. That defendants, **CITY** and **NYPD**, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise defendants **P.O. ABEL** and **JD1**, and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their police officers, agents, servants and employees, directly caused the injuries suffered by plaintiff.

54.     That the acts of the defendants *P.O. ABEL* and *JD1* committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

### THIRD CAUSE OF ACTION

55.     Plaintiff repeats and reallages each and every allegation contained in paragraphs numbered "1" through "48" herein, as if the same were set forth herein more fully and at length.

56.     That as a direct and proximate result of the knowing, intentional and malicious acts of the defendants, *CITY, NYPD, P.O. ABEL* and *JD1,* jointly and severally, as described aforesaid, all committed under color of state law and under defendants *P.O. ABEL's* and *JD1's* authority as law enforcement officers employed by the defendants, *CITY* and *NYPD*, and while acting in the scope of their employment, and pursuant to authority vested in them by defendants, *CITY* and *NYPD*, the defendants *P.O. ABEL* and *JD1* caused the plaintiff to be detained, falsely arrested and imprisoned.

57.     That by engaging in the foregoing acts, practices and courses of conduct, the defendants, *CITY, NYPD, P.O. ABEL* and *JD1,* used their position in law enforcement for improper purposes, subjecting plaintiff to an excessive and illegal use of force, arrest, imprisonment, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful assault, false and illegal arrest, imprisonment and seizure of his person without probable cause, to be free from unnecessary force, to be informed as to the reasons for his detainment and arrest, and to be secure in his rights to liberty and to representation by counsel.

58. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of any improper or criminal conduct on the part of the plaintiff.

### *FOURTH CAUSE OF ACTION*

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "48" herein, as if the same were set forth more fully and at length.

60. That as a direct and proximate result of the intentional and malicious acts of the defendants *P.O. ABEL* and *JD1,* as described above, all committed under color of state law and under their authority as a police officers employed by the defendants, *CITY* and *NYPD*, and while acting in the scope of their employment, and pursuant to authority vested in them by defendants, *CITY* and *NYPD,* used excessive force to arrest plaintiff.

61. That by engaging in the foregoing acts, practices and courses of conduct, the defendants *P.O. ABEL* and *JD1*, used their position as uniformed police officers for improper purposes, subjecting plaintiff to physical abuse, deprivation of his rights, privileges, and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from illegal, unnecessary and excessive force.

62. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of plaintiff resisting arrest or any improper, criminal or suspicious conduct on the part of the plaintiff.

WHEREFORE, plaintiff, *ENGLISH*, demands judgment as follows:

A. AS TO THE FIRST CAUSE OF ACTION: In favor of plaintiff against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B. AS TO THE SECOND CAUSE OF ACTION: In favor of plaintiff against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars and punitive damages against the defendants in the amount of Twenty-Five Million ($25,000,000.00) Dollars.

C. AS TO THE THIRD CAUSE OF ACTION: In favor of plaintiff against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars and punitive damages against the defendants in the amount of Twenty-Five Million ($25,000,000.00) Dollars.

D. AS TO THE FOURTH CAUSE OF ACTION: In favor of plaintiff against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

E. For such other and further relief as to this Court may deem just and proper, including costs and reasonable attorney's fees.

Yours, etc.

*David Segal* (signature)

DAVID SEGAL (DS-5108)
Attorney for Plaintiff
**DEVON ENGLISH**
7 Dey Street, Suite 1401
New York, New York 10007
(212) 406-9200

Index No.:      Year            RJI No.:                        Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVON ENGLISH,

                        Plaintiff,

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOSEPH ABEL
and POLICE OFFICER JOHN DOE 1,

                     Defendants.

---

## COMPLAINT

**DAVID SEGAL**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**7 DEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

---

To:                                             Signature (Rule 130-1.1-a)

Print name beneath                       Attorney(s) for

Service of a copy of the within           is hereby admitted.
Dated,

                                                  Attorney(s) for

---

Please take notice
☐ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
☐ <u>NOTICE OF SETLEMENT</u>
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                             on

                                                Yours, etc.
                                                DAVID SEGAL
To:                                      Attorney for Plaintiff
                                           Office & Post Office Address
Attorney(s) for:                         **7 DEY STREET
                                           NEW YORK, NY 10007**